UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Glen Johnson, et al.,  Civ. No. 14-2081 (PAM/LIB)

    Plaintiffs,

v.  **MEMORANDUM AND ORDER**

Charps Welding & Fabricating, Inc, et al.,

    Defendants.

---

This matter is before the Court on Defendants' Motion for Attorney's Fees and Costs (Docket No. 316) and Plaintiff's Motion for Review of the Clerk's Taxation of Costs (Docket No. 346). For the following reasons, Defendants' Motion is granted and Plaintiffs' Motion is denied.

**BACKGROUND**

This case arises from Defendants' alleged failure to make contributions to three multi-employer, jointly trusteed fringe benefit plans (the "Funds") administered pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. Plaintiffs are the trustees and fiduciaries of the Funds, and they brought this action to audit Defendants and recover contributions that Defendants allegedly owed to the Funds. The full factual background is set forth in the Court's August 20, 2018, Memorandum and Order granting Defendants' Motion for Summary Judgment. (Docket No. 311.) Defendants filed their Motion for Attorney's Fees and Costs on September 4, 2018. (Docket No. 316.)

After considering the parties' memoranda and filing an Order on October 4, 2018, (Docket No. 343), this Court withdrew the Order in light of Plaintiffs' Objection (Docket No. 340) to Defendants' Bill of Costs (Docket No. 329).  On October 29, 2018, the Clerk of Court entered a cost judgment awarding Defendants $149,220.96 in taxable costs, $517.30 less than the amount they requested.  (Docket No. 345.)  On November 9, 2018, Plaintiffs filed a Motion for Review of the Clerk's Taxation of Costs.  (Docket No. 346.)

Defendants claim that ERISA allows the Court, in its discretion, to award them attorney's fees and costs pursuant to 29 U.S.C. § 1132(g)(1).  They request $2,096,063.75 in attorney's fees and $525,517.32 in costs, and argue that a balance of the five factors discussed in Lawrence v. Westerhaus demonstrates that an award of fees is appropriate. 749 F.2d 494, 496 (8th Cir. 1984).  Defendants further argue that the Clerk's cost judgment is accurate and Plaintiffs' objections to their stated costs are baseless and successive.

Plaintiffs claim that 29 U.S.C. § 1132(g)(2) applies to this action rather than § 1132(g)(1) and provides no statutory basis for Defendants' attorney's fees.  This subsection applies only to plaintiffs who obtain "a judgment in favor of the plan." § 1132(g)(2).  Plaintiffs further argue that the Westerhaus factors show that Defendants are not entitled to fees, and that Defendants' bill of costs is overstated and includes several billings that are not eligible for award.

**DISCUSSION**

ERISA permits the Court "in its discretion [to] allow a reasonable attorney's fee and costs of action to either party." Id. § 1132(g)(1). The Court has discretion to award costs and fees to any claimant who "has achieved some degree of success on the merits." Hardt v. Reliance Standard Life Ins. Co., 560 U.S. 242, 245 (2010) (quotation omitted). In deciding whether to award attorney's fees, the Court should consider five factors: (1) "the degree of the opposing parties' culpability or bad faith"; (2) the opposing parties' ability to pay; (3) whether an award of fees would "deter other persons acting under similar circumstances"; (4) whether the fee claimant "sought to benefit all participants and beneficiaries" of the plan or "to resolve a significant legal question regarding ERISA"; and (5) "the relative merits of the parties' positions." Westerhaus, 749 F.2d at 496 (alteration omitted). These factors are "general guidelines" and are "by no means exclusive or to be mechanically applied." Martin v. Ark. Blue Cross & Blue Shield, 299 F.3d 966, 972 (8th Cir. 2002).

An award of attorney's fees must also be reasonable. The Eighth Circuit has approved the use of the "lodestar" method to calculate attorney's fees in ERISA cases. See Brown v. Aventis Pharm., Inc., 341 F.3d 822, 829 (8th Cir. 2003). The lodestar is the number of hours reasonably expended times a reasonable hourly rate for those hours. Fish v. St. Cloud State Univ., 295 F.3d 849, 851 (8th Cir. 2002). Courts consider several factors under the lodestar method to determine the reasonableness of a fee, including the time and labor required, the novelty and difficulty of the legal questions, the skill required to perform

the legal service, customary fees, and the outcome of the action. See Hensly v. Eckerhart, 461 U.S. 424, 430 n.3 (1983).

A. **Attorney's Fees Under ERISA**

Defendants' request for fees falls under § 1132(g)(1), which states: "(1) In any action under this subchapter (other than an action described in paragraph (2)) by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party."

According to Plaintiffs, § 1132(g)(2) precludes the award of fees here. That section provides that fees shall be awarded "[i]n any action . . . by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded . . . ." Because Plaintiffs brought this lawsuit under § 1145, they claim that § 1132(g)(2) is the only authority for the award of attorney's fees, and this section allows that award only in favor of plan fiduciaries.

But Plaintiffs' reading of ERISA's attorney's-fee provisions is too broad. The limitations of § 1132(g)(2) apply only when a fiduciary prevails and obtains a judgment in favor of a plan, not to all actions under § 1145. Hardt v. Reliance Standard Life Ins. Co., 560 U.S. 242, 252 (2010) ("only [parties] who obtain a judgment in favor of the plan may seek attorney's fees [under § 1132(g)(2)(D]"). Where, as here, a non-fiduciary Defendant prevails in an action brought under § 1145, the Court instead looks to § 1132(g)(1) to determine whether an award of fees is appropriate. Because § 1132(g)(2) does not apply to this action and § 1132(g)(1) allows for an award of fees to either party, attorney's fees

4

are statutorily appropriate. To determine if fees are warranted, the Court must consider the Westerhaus factors.

1. **Culpability or Bad Faith**

The first factor asks a court to consider "the degree of Defendant's culpability or bad faith." Westerhaus, 749 F.2d at 496. Courts have considered "the degree of blameworthiness" between the parties when analyzing this factor, rather than "narrowly considering whether the trustees had acted in bad faith." See Trs. of the Eighth Dist. Elec. Pension Fund v. Wasatch Front Elec. & Constr., LLC, 598 F. App'x 563, 566 (10th Cir. 2014). While Plaintiffs prolonged this litigation, continued to litigate despite a lack of evidence, and insufficiently cited to the record, such actions do not arise to bad faith. Plaintiffs did not pursue frivolous or completely meritless claims, nor did Plaintiffs have nefarious motives for bringing this lawsuit. Further, Plaintiffs' arguments at times succeeded or partially succeeded. (See Docket Nos. 31, 59, 107.) Defendants contend that Plaintiffs acted in bad faith because the evidence "conclusively defeated" their claims. (Defs.' Supp. Mem. (Docket No. 311) at 7.) Rather than establish bad faith, this argument explains why the Court entered summary judgment in Defendants' favor. "A losing plaintiff . . . will not necessarily be found 'culpable', but may be only in error or unable to prove his case." Marquardt v. North Am. Car Corp., 652 F.2d 715, 720 (7th Cir. 1981). The Court finds this factor neutral in a determination of attorney's fees.

2. **Ability to Satisfy Award**

Defendants assert that Plaintiffs are capable of satisfying the requested award. In support, Defendants cite to documents in the record showing that Plaintiff Central Pension

Fund alone has assets worth well over $13 billion, and that other Plaintiffs also hold substantial funds to pay the requested attorney's fees and costs. (Defs.' Supp. Mem. at 8.) Plaintiffs contend that liquidating plan assets to pay an award would harm beneficiaries, but do not offer any evidence of such harm. Considering Plaintiffs' combined wealth, the Court finds that they can satisfy an award. This factor weighs in favor of awarding fees.

### 3. Deterrence

Plaintiffs' litigation tactics have allowed this case to drag on for more than four years. This Court has previously expressed concern about awarding fees to successful ERISA defendants, stating that such awards may prevent plaintiff-trustees from seeking unpaid contributions in the future. See Trs. of Twin Cities Bricklayers, Fringe Benefit Funds v. McArthur Tile Corp., No. 03cv5497, 2005 WL 1140610, at *2 (D. Minn. May 11, 2005) (Magnuson, J.). Indeed, "[w]hile ERISA's purpose is remedial, it was enacted to protect, among other things, 'the interests of participants in employee benefit plans and their beneficiaries.'" Martin, 299 F.3d at 973 (quoting 29 U.S.C. § 1001(b)). However, as in Martin, the Defendants here "did nothing to hinder the interests of a participant in an employee benefit plan." Id. Rather, Plaintiffs utterly failed to produce evidence that Defendant Charps was not complying with its payment obligations. This Court has an interest in deterring meritless claims that trap employers in lengthy litigation when those employers are complying with ERISA's requirements.

Additionally, the Court has an interest in deterring over-zealous and inadequately supported litigation in ERISA cases. Plaintiffs did "not present[] evidence to support their claims, or they failed to cite with particularity the facts to support those claims." (Docket

6

No. 311 at 18.) Plaintiffs also engaged in sloppy discovery, inconsistent use of expert reports, and filed unnecessary motions with duplicative and unsupported arguments. This factor therefore weighs in favor of awarding fees.

### 4. Benefit to ERISA and ERISA participants

"[T]he benefit of the suit to all participants in an ERISA plan or the resolution of a significant legal question under ERISA is . . . primarily relevant only to whether plaintiffs should be awarded attorneys' fees." Marquardt, 652 F.2d at 721. Defendants concede that they did not seek to benefit all participants or beneficiaries by defending this lawsuit. Nor did this case resolve a "significant legal question" regarding ERISA; alter-ego/joint venture arguments are not unique to this action. E.g., Seipel v. Arrowhead Indus. Serv., No. 07cv3864, 2010 WL 605722, at *2-3 (D. Minn. Feb. 11, 2010) (Schiltz, J.); Trs. of the Eighth Dist., 598 F. Appx. at 566. This factor weighs against awarding attorney's fees.

### 5. Relative Merits

The final factor requires the Court to examine the relative merits of the parties' positions. This factor weighs in favor of awarding attorney's fees for the same reasons discussed above. In McArthur Tile, Defendants prevailed only after a two-day bench trial and "extensive examination of the factual evidence and testimony." See Trs. of Twin Cities Brick Layers, 2005 WL 1140610, at *3. In this case, Plaintiffs continued pursuing this litigation without sufficient facts, evidence, or citations to support their arguments of joint venture/alter-ego liability against the Defendants. The Court did not require a trial nor "extensive examination" of the evidence to determine Defendants' success on the merits. Id. This factor supports an award of attorney's fees.

### 6. Conclusion

Three of the five Westerhaus factors weigh in favor of granting an award of attorney's fees in this case. In the Court's judgment, the Westerhaus factors thus cumulatively demonstrate that an award is appropriate.

### B. Reasonable Fee and Hours

ERISA permits the court to award a "reasonable attorney's fee." Id. § 1132(g)(1). As noted, courts consider the "lodestar" factors when determining the reasonableness of attorney's fees under ERISA. Defendants claim hourly rates between $265 and $345 for partners, and between $175 to $250 for associates. In total, Defendants claim 8,779.35 billable hours, and ask for a total fee award of $2,096,063.75. Deficiencies in Defendants' billing records lead the Court to reduce this award.

First, partners performed several simple tasks that associates could have performed at a lower rate. Additionally, the claimed associate billing rate of $240 per hour is high considering the size of the firm, the simplicity of the tasks, and prevailing market rates. Defendants' comparisons to hourly rates at Michael Best and Dorsey & Whitney are inapplicable, as those firms have hundreds of attorneys, compared to a firm of 12 in this case. Additionally, ERISA alter-ego claims are not unique, and many of the billed tasks were simple and commonplace in litigation.

Second, some of the claimed hours are duplicative and Defendants describe their tasks too generally. A failure to describe the subject matter of a billed task with specificity is a proper basis for a reduction in fees. See Utecht v. Diamond Lake, Inc., No. 16cv118, 2017 WL 6734178, at *6-7 (D. Minn. Dec. 29, 2017) (Tunheim, C.J.). Defendants

achieved varying degrees of success throughout the litigation (see Docket Nos. 31, 59, 107), which supports a reduction of hours on the unsuccessful claims and motions. See generally Hensley, 461 U.S. at 433 (1983). Also, as discussed above, although Plaintiffs over-litigated their claims, they did not act in bad faith. Considering these factors, the Court reduces Defendants' cumulative hourly fee to $225 per hour and the total number of hours billed (8,779.35) by 50%. This amounts to a total fee award of $987,676.88. The Court believes this amount will effectively deter future plaintiffs from over-litigating weak ERISA claims while preventing a windfall for Defendants.

**C.    Reasonable Costs**

Defendants requested total costs of $525,517.32 and filed a Bill of Costs seeking $149,738.26 in taxable costs. The Clerk of Court determined that $149,220.96 was taxable. Plaintiffs seek review of the cost judgment, alleging that the Clerk improperly taxed costs for certain deposition transcripts and copies.

ERISA leaves it to the Court's discretion to award "costs of action" to either party. Id. § 1132(g)(1). Additionally, the Clerk may tax appropriate costs under 28 U.S.C. § 1920 and Federal Rule of Civil Procedure 54(d). The clerk's taxation of costs is reviewable by the district court. Fed. R. Civ. P. 54(d). A party seeking review of costs taxed by the Clerk of Court has the burden to show that the cost judgment is "inequitable under the circumstances." Concord Boat Corp. v. Brunswick Corp., 309 F.3d 494, 498 (8th Cir. 2002).

This Court has thoroughly reviewed Defendants' Exhibits (see Docket No. 319, Exs. 2, 3; Docket No. 330, Exs. 1, 2) and Bill of Costs (Docket No. 329) as well as the Clerk's

cost judgment and attached taxation of costs summary. (Docket No. 345.) Defendants' costs are listed accurately, and there is sufficient documentary evidence and explanation to support the requested costs. Additionally, Plaintiffs have failed to show that the cost judgment is inequitable. However, the Clerk was correct in finding that there was insufficient explanation for $393.30 in costs associated with certain depositions. (Docket No. 345.) The Clerk also correctly denied $124 in delivery fees as non-taxable. The $124 in delivery fees will be included with the non-taxable portion of this cost award. Therefore, Defendants' taxable costs are reduced by $517.30, totaling $149,220.96. Defendants' total cost award is reduced by $393.30, totaling $525,124.02.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that**:

1. Defendants' Motion for Attorney's Fees and Costs is **GRANTED**;

2. Plaintiffs' Motion for Review of the Clerk's Taxation of Costs is **DENIED**;

3. Plaintiffs shall pay Defendants' attorney's fees in the amount of $987,676.88; and

4. Plaintiffs shall pay Defendants' costs in the amount of $525,124.02 (of which $149,220.02 are taxable under 28 U.S.C. § 1920).


Dated: December 28, 2018          *s/ Paul A. Magnuson*
                                  PAUL A. MAGNUSON
                                  United States District Court Judge